IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

```
PRISON LEGAL NEWS, a project of      )
the HUMAN RIGHTS DEFENSE CENTER,     )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    Case No.
                                     )
DAVID G. BETH, individually and in   )
his official capacity as SHERIFF     )
OF THE KENOSHA COUNTY SHERIFF'S      )
DEPARTMENT; CAPTAIN ROBERT HALLISY,  )
individually and in his official     )
capacity as DETENTIONS COMMANDER     )
OF THE DETENTIONS DIVISION OF THE    )
KENOSHA COUNTY SHERIFF'S             )
DEPARTMENT; KENOSHA COUNTY; and      )
the KENOSHA COUNTY SHERIFF'S         )
DEPARTMENT,                          )
                                     )
            Defendants.              )    JURY TRIAL DEMANDED
```

## COMPLAINT

NOW COMES Plaintiff, PRISON LEGAL NEWS, by and through its attorneys, the Human Rights Defense Center and Loevy & Loevy, and complaining of Defendants, David G. Beth, Sheriff, Kenosha County Sheriff's Department; Captain Robert Hallisy, Detentions Commander, Detentions Division of the Kenosha County Sheriff's Department, Kenosha County; and the Kenosha County Sheriff's Department, and states as follows:

### Introduction

1. Plaintiff, Prison Legal News, a project of the Human Rights Defense Center, brings this action to enjoin Defendants' censorship of its monthly publication, books, and other

correspondence mailed to individual prisoners who are held in custody at the Kenosha County Detentions Center, in violation of the First and Fourteenth Amendments of the United States Constitution.  Defendants' have adopted and implemented mail policies that unconstitutionally prohibit delivery to prisoners of any sort of periodical, magazine, book, or other publication, such as those published by Plaintiff.  Defendants' policies and practices do not afford the sender of censored mail due process notice and/or an opportunity to challenge the censorship as required by the Constitution.  Nor is the challenged policy in any way related to a legitimate penological interest.

## Jurisdiction and Venue

2.   This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

3.   This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343.

4.   Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, at least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

2

**Parties**

5. Prison Legal News ("PLN") is a project of the Human Rights Defense Center ("HRDC"), a Washington non-profit corporation. PLN publishes and distributes a monthly journal of corrections news and analysis and certain books about the criminal justice system and about legal issues affecting prisoners, to prisoners, lawyers, courts, libraries, and the general public throughout the country. PLN also maintains a website (www.prisonlegalnews.org) and operates an email list-serve. The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. Prisoners of all types, their family and friends, and prisoner advocates, are among the intended beneficiaries of PLN's activities.

6. Defendant Kenosha County is a county of the State of Wisconsin. It oversees the Kenosha County Sheriff's Department, which, in turn, operates the Kenosha County Detention Center and the Kenosha County Adult Pre-Trial Detention Center.

7. Defendant the Kenosha County Sheriff's Department is a department of Kenosha County and operates through its Detentions Division the Kenosha County Detention Center and the Kenosha County Adult Pre-Trial Detention Center (collectively, the

3

"Kenosha County Jail").

8. At all times relevant to the events at issue in this case, Defendant David G. Beth was employed by the Kenosha County Sheriff's Department in the capacity of Sheriff. As such, Defendant Beth was acting under color of law.

9. At all times relevant to the events at issue in this case, Defendant Beth was responsible for the operation of the Kenosha County Jail. Defendant Beth promulgated rules, regulations, policies, and procedures as Sheriff of Kenosha County regarding all Kenosha County Jail mail services. Defendant Beth's policies and procedures were implemented by and through employees and/or agents of the Kenosha County Jail.

10. At all times relevant to the events at issue in this case, Defendant Beth also promulgated rules, regulations, policies, and procedures for the training and supervision of all Kenosha County Jail employees and/or agents regarding all Kenosha County Jail mail services.

11. At all times relevant to the events at issue in this case, Defendant Beth, as Sheriff of Kenosha County, was the final policymaker for the Kenosha County Sheriff's Department and the Kenosha County Jail.

4

12. At all times relevant to the events at issue in this case, Defendant Captain Robert Hallisy, was employed by the Kenosha County Sheriff's Department as the Detentions Commander of the Kenosha County Jail. As such, Defendant Hallisy was acting under color of law. On information and belief, Defendant Hallisy was responsible for and/or personally participated in, creating, implementing, and enforcing the mail policies of the Kenosha County Jail.

## Factual Allegations

13. Prison Legal News publishes and distributes a soft-cover monthly journal of the same name containing corrections news and analysis about prisoner rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals. PLN also publishes and distributes paperback books about the criminal justice system and legal issues affecting prisoners.

14. Prison Legal News has approximately 7,000 subscribers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. PLN distributes its monthly publication to prisoners and law librarians in approximately 2,200 correctional

5

facilities located across all fifty states, including the Federal Bureau of Prisons and the Wisconsin Department of Corrections.

15. Prison Legal News engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoner rights.

16. Since February 2012, PLN has mailed copies of its monthly publication *Prison Legal News*, as well as subscription information, informational brochures, and soft-cover books like *Protecting Your Health and Safety* to at least 29 different prisoners housed at the Kenosha County Jail. Each item of mail referenced herein was addressed individually to a specific prisoner.

17. Defendants have rejected these publications pursuant to a policy – adopted and promulgated by the Defendants - that indiscriminately bars books and magazines of all kinds from entering the Kenosha County Jail via the Jail's mail system.

18. These rejected items have been returned to Plaintiff with red stamps that read "Refused" and "Return to Sender," accompanied by a white sticker with a checked box that indicates "No Books/Magazines." Other returned items have included

6

handwritten notations such as "Not Allowed," "No books allowed," or "Books and Mags refused."

19. From February, 2012 to the present, approximately forty-eight items properly addressed to specific inmates at Kenosha County Jail have been returned to PLN in the manner described above.

20. Prison Legal News has received several letters from inmates at Kenosha County Jail indicating that they have not received any of the materials that PLN sent to them. A number of these inmates have received Non Allowable Mail Processing Reports that state that books and magazines are not allowed at Kenosha County Jail via the mail. At least one inmate filed a formal grievance with Kenosha County Jail officials to protest the censorship of his incoming mail but, on information and belief, he has yet to receive any response to his grievance.

21. PLN currently mails issues of *Prison Legal News* to seventeen inmate subscribers at the Kenosha County Jail. PLN intends to continue to mail monthly copies of *Prison Legal News* to these inmates.

22. There is no legitimate purpose – penological or otherwise – in refusing inmates access to these publications.

23. Defendants did not provide Prison Legal News due process notice or an opportunity to appeal their censorship decisions.

24. The accommodation of the free speech, expression, and due process rights of Plaintiff with respect to materials protected by the Constitution and provided to inmates at the Kenosha County Jail will not have any significant impact on the Jail.

25. Due to Defendants' actions as described above, Plaintiff has suffered damages, and will continue to suffer damages, including, but not limited to: the violation of the Plaintiff's constitutional rights; the impediment of Plaintiff's ability to disseminate its political message; frustration of Plaintiff's non-profit organizational mission; diversion of resources; loss of potential subscribers and customers; an inability to recruit new subscribers and supporters; the loss of reputation; and the costs of printing, handling, mailing, and staff time.

### Claims

### Count I – 42 U.S.C. § 1983
### Violation of the First Amendment

26. Each paragraph of this Complaint is incorporated as if restated fully herein.

27. The acts described above constitute violations of Plaintiffs rights, the rights of other correspondents who have attempted to or intend to correspond with prisoners at the Kenosha County Jail, and the rights of prisoners confined at the Kenosha County Jail, under the First Amendment of the United States Constitution.

28. Plaintiff has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under existing case law.

29. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

30. Plaintiff's injuries and the violations of his constitutional rights were directly and proximately caused by the policies and practices of Kenosha County, the Kenosha County Sheriff's Department, and Kenosha County Sheriff Beth.

31. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

32. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants.

9

Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

### Count II – 42 U.S.C. § 1983
### Violation of the Fourteenth Amendment

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. The acts described above constitute violations of Plaintiffs rights, the rights of other correspondents who have attempted to or intend to correspond with prisoners at the Kenosha County Jail, and the rights of prisoners confined at the Kenosha County Jail, under the Fourteenth Amendment of the United States Constitution.

35. Plaintiff has a right under the Due Process Clause of the Fourteenth Amendment to receive notice and the opportunity to object and/or appeal Defendants' decision to prevent PLN's publications from reaching their subscribers.

36. Defendants' policy and practice of banning *Prison Legal News*, as well as the books and pamphlets distributed by PLN, fail to provide Plaintiff with individualized notice or an opportunity to be heard.

37. The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

38. Plaintiff's injuries and the violations of his constitutional rights were directly and proximately caused by the policies and practices of Kenosha County, the Kenosha County Sheriff's Department, and Kenosha County Sheriff Beth.

39. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

40. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

**Injunctive Allegations**

41. Defendants' unconstitutional policies and practices are ongoing and continue to violate Plaintiff's constitutional rights and the rights of other correspondents and prisoners. As such, there is no adequate remedy at law.

42. Plaintiff is entitled to injunctive relief prohibiting Defendants from refusing to deliver or allow delivery of publications, books, informational brochures, subscription forms, book catalogs, book offers, and other correspondence from Prison Legal News and from other correspondents who send mail to

11

prisoners confined at the Kenosha County Jail. Plaintiff is also entitled to injunctive relief prohibiting Defendants from censoring mail without due process of law.

**Request for Relief**

WHEREFORE, the Plaintiff respectfully requests relief as follows:

43. A declaration that Defendants' policies and practices violate the Constitution.

44. Nominal damages for each violation of Plaintiff's rights by the Defendants.

45. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

46. Compensatory damages in an amount to be proved at trial.

47. Punitive damages against the individual Defendants in an amount to be proved at trial.

48. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

49. Any other such relief that this Court deems just and equitable.

**Jury Demand**

Plaintiff, Prison Legal News, by and through its attorneys, the Human Rights Defense Center and Loevy & Loevy, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ Jon Loevy
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Vincenzo Field
LOEVY & LOEVY
312 N. May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

/s/ Lance Weber

Lance Weber
Human Rights Defense Center
PO Box 1151
Lake Worth, Florida 33460
(561) 360-2523